### TILLITT v. MANN.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1900.)

#### No. 1,357.

1. CONSTRUCTION OF CONTRACTS—COURT MAY PUT ITSELF IN PLACE OF PARTIES.
   The court may put itself in the place of contracting parties, and then, in view of all the facts and circumstances surrounding them at the time of the execution of the instrument, consider what they intended by the terms of their agreement.

2. SAME—INTENTION CONTROLS.
   When the intention of contracting parties is manifest, it will control in the interpretation of their agreement, regardless of inapt expressions and technical rules of construction.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

James C. Starkweather, for appellant.

E. T. Wells, Thomas Macon, and R. T. McNeal, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree that a judgment against Ralston C. Bloomfield and Hiram R. Tillitt for $30,591 damages, and $1,448.71 costs, rendered on January 3, 1885, constitutes a just claim against the estate of Tillitt, who has since deceased, for $19,718.56. This amount is one-half of the sum which was due on this judgment on September 13, 1892, together with the interest that has subsequently accrued on that moiety. On that day Bloomfield caused certain lands which were worth about $1,700 to be conveyed to Mr. Thomas Macon, the attorney of the appellee, and the latter made this agreement with Bloomfield:

"In the Circuit Court of the United States for the District of Colorado.

"Jeremiah J. Mann, Plaintiff, vs. Ralston C. Bloomfield and Robert Tillitt, Defendants.

"Whereas, the above-named Jeremiah J. Mann on or about the third day of January, A. D. 1885, recovered in the said circuit court a judgment against the above-named defendants, Ralston C. Bloomfield and Robert Tillitt, for the sum of thirty thousand five hundred and ninety-one dollars or thereabouts for his damages, besides costs of suit; and whereas, the above-named defendant Ralston C. Bloomfield hath, at the instance and by the request of the above-named plaintiff of even date herewith, caused to be conveyed unto Thomas Macon, Esq., of Denver, Colorado, certain lands and premises, six hundred and forty acres, more or less, situated in township 1 south, of range 59 west, in the county of Arapahoe and state of Colorado, which said conveyance the said plaintiff hath accepted in satisfaction of one equal moiety of the said judgment, with all accumulations of interest on such moiety: Now, therefore, in consideration of the premises, the said Jeremiah J. Mann, plaintiff aforenamed, doth hereby, for himself, his heirs, executors, and administrators, and assigns, covenant and agree to and with the said Ralston C. Bloomfield, his heirs, executors, administrators, and every of them, that he the said Jeremiah J. Mann will not, and his heirs, executors, administrators, and assigns shall not, at any time, cause to be levied upon or taken, under any writ of execution or other process whatsoever, issued or which may be issued upon the said judgment, or cause to be attached, seized, or taken by virtue of any writ of attachment or other process which may be issued in any suit brought upon the said judgment as a ground of action, any of the lands, tenements, goods, chattels, or other estate or property of the said Ralston C. Bloomfield now owned by him, or which may be hereafter acquired by him, nor shall the said Jeremiah J. Mann in any way or manner seek to charge any of the lands, premises, goods, chattels, or estate, real or personal, of the said Ralston C. Bloomfield, now owned by him, or which may hereafter be acquired by him, with any share or part of the said judgment, costs, or interest. And the said Jeremiah J. Mann doth hereby release and discharge from the lien of the said judgment all estate, real and personal, whatsoever, which the said Ralston C. Bloomfield now hath or may hereafter in any manner acquire. And if any writ of execution issued, or which may be issued, upon the said judgment, or upon any judgment hereafter recovered thereupon, or any attachment or other process issued in any suit founded upon the said judgment, shall be levied upon any of the property of said Bloomfield now or hereafter acquired (otherwise than by fraudulent conveyance of the said Robert Tillitt), such levy shall and may, on motion of the said Ralston C. Bloomfield, be quashed, vacated, and set aside. And, whenever satisfaction of the residue of the said judgment shall be obtained of the said Robert Tillitt, the said Jeremiah J. Mann

will. in due form of law, enter satisfaction of the said judgment, and formally release and discharge the said Ralston C. Bloomfield and Robert Tillitt therefrom. Nevertheless, the said Jeremiah J. Mann expressly reserves to himself all right to pursue the said Robert Tillitt, and take execution upon the said judgment, and levy the same upon the estate and property of the said Robert Tillitt, and to pursue all remedies whatsoever which he, the said Jeremiah J. Mann, hath or can have in law for procuring satisfaction of or from the said Robert Tillitt as to all the residue of the said judgment. In witness whereof the said Jeremiah J. Mann hath set his hand and seal this 13th day of September, A. D. 1892.                    J. J. Mann. [Seal.]"

When this contract was made the amount lawfully due on the judgment had been reduced by certain payments, which the appellee had received, to such an extent that it was less than one-half of the original amount of the judgment and interest from the date of its rendition. The contention of the appellant is that the appellee by this contract with Bloomfield agreed to receive, and did receive, the lands there mentioned in payment of one-half of the original amount of the judgment and accrued interest, and that, as the half of this amount was at the date of the agreement more than the entire amount that was then due on the judgment, he satisfied it in full and released Tillitt. The court below was unable to sustain this position, and held that the parties to the contract intended thereby to satisfy only one half of the amount due at the time the agreement was made. This left the other half still due from Tillitt and his estate, and this is the ruling which is assigned as error. In support of this assignment, counsel for appellant urges that the agreement recites that "the above-named Jeremiah J. Mann, on or about the third day of January, A. D. 1885, recovered in said circuit court a judgment against the above-named defendants, Ralston C. Bloomfield and Robert Tillitt, for the sum of thirty thousand five hundred and ninety-one dollars or thereabouts for his damages, besides costs of suit"; that Bloomfield has caused certain lands to be conveyed to Thomas Macon, "which said conveyance the said plaintiff hath accepted in satisfaction of one equal moiety of the said judgment, with all accumulations of interest on such moiety"; and that in a petition which the appellee filed in the court below on July 10, 1893, for the purpose of reviving the judgment, he alleged "that as to one equal moiety of the said judgment the same remains unsatisfied, and there is due and owing to your petitioner upon the said judgment the sum of $15,295.50, with interest from the date of the rendition of the judgment aforesaid according to law, besides $722.45, parcel of the costs heretofore taxed herein still remaining unpaid"; and prayed that the judgment might be revived for these amounts and interest. But neither the extracts from the contract and the petition which counsel quotes, nor the entire contract and petition taken together, disclose any substantial basis for this assignment. There is certainly nothing in the petition to indicate that the appellee conceded that the judgment had been satisfied. He claimed that one moiety of it was unpaid, and the only mistake he made was that he demanded a larger amount than was his due. This was by no means an admission that nothing was due. When we turn to the contract, there seems to be little doubt of the intention of the parties.

The primary rules for the construction of contracts are that the court may put itself in the place of the contracting parties, and then, in view of all the facts and circumstances surrounding them at the time of the execution of the instrument, consider what they intended by the terms of their agreement, and that when the intention is manifest it will control in the interpretation of the instrument, regardless of inapt expressions and technical rules of construction. When the agreement of September 13, 1892, was made, the judgment debtors, Bloomfield and Tillitt, owed the appellee $16,680.83, with interest at 10 per cent. per annum from August 3, 1885. Bloomfield had no property subject to execution, and he caused 640 acres of land, worth $1,700, to be conveyed to the attorney of the appellee, and obtained the agreement in issue. There was nothing in the situation or relation of the parties to lead one to suppose that Mann intended, in consideration of this property worth $1,700, to satisfy the entire judgment and release both the debtors. The natural, customary, and rational course to pursue was to covenant not to pursue Bloomfield and to retain his rights against Tillitt. Nor is there anything in the agreement itself which tends to show that it was not made for this purpose or was not to have this effect. On the other hand, it expressly recites that the conveyance of the land is accepted, not in satisfaction of the entire judgment, but only "of one equal moiety" thereof. The appellee covenants, not that he will not collect the unsatisfied moiety of the judgment, but simply that he will not pursue any of the lands, tenements, goods, chattels, or other estate or property of the said Ralston C. Bloomfield for the purpose of collecting such judgment, and that, "whenever satisfaction of the residue of the said judgment shall be obtained of the said Robert Tillitt," he will satisfy the entire judgment. Finally, that there might be no mistake or misconstruction, he adds at the close of the agreement: "Nevertheless, the said Jeremiah J. Mann expressly reserves to himself all right to pursue the said Robert Tillitt, and take execution upon the said judgment, and levy the same upon the estate and property of the said Robert Tillitt, and to pursue all remedies whatsoever which he, the said Jeremiah J. Mann, hath or can have in law for procuring satisfaction of or from the said Robert Tillitt as to all the residue of the said judgment." The facts and circumstances surrounding the parties at the time this contract was made; the large amount due upon the judgment; the small value paid by Bloomfield for the contract; the plain declaration in the agreement that the conveyance which Bloomfield procured was accepted in satisfaction of only one-half of the judgment and interest; the express covenants not to pursue Bloomfield, and to satisfy the judgment only when the residue should be paid by Tillitt; and the express reservation of the right to pursue the latter, to take execution upon the judgment, and levy the same upon his estate,—conclusively show that it was not the intention of the appellee to release more than one-half of the amount due upon the judgment at the time he made the contract. The decree of the court below is affirmed, with costs.