## UNITED STATES FIDELITY & GUARANTY CO. v. BOARD OF COM'RS OF WOODSON COUNTY, KAN.

### No. 2,298.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1906.)

1. COURTS—CIRCUIT COURT—JURISDICTION—PROPER DISTRICT—WAIVER OF OBJECTION.

When the jurisdiction of the Circuit Court is based solely upon diversity of citizenship, the suit may be maintained in the district in which either the plaintiff or defendant resides.

The removal from state to national court or joinder of objection to district with general demurrer waives the objection that the suit is pending in the wrong district.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 811, 815.

Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192.]

2. SAME—COURT MAY PERMIT AMENDED PETITION AND SUMMONS THEREON AFTER QUASHING SERVICE OF ORIGINAL SUMMONS.

After the removal of an action from a state court to a Circuit Court of the United States, and the avoidance of the service of summons by the latter court upon the motion of the defendant, that court may lawfully permit the plaintiff to file an amended petition and may order a summons to issue thereon.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 250.]

3. PRINCIPAL AND SURETY—SURETYSHIP—CONTRACT OF SHOULD RECEIVE RATIONAL INTERPRETATION.

A surety is a favorite of the law and never liable beyond the strict terms of his obligation.

But his contract is nevertheless but an agreement, and like all other agreements it must receive a just and rational interpretation.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Surety, §§ 103, 108.]

4. CONTRACTS—CONSTRUCTION—ACTUAL INTENTION PREVAILS OVER INAPT OR CARELESS EXPRESSIONS.

The actual intent and meaning of the parties when the agreement was made, deduced from the entire contract, from its subject-matter, from the purpose of its execution, and from the situation and circumstances of the parties when they made it, must prevail over the dry words of the instrument, inapt expressions, and careless recitals therein, unless that intention runs counter to the plain sense of the binding words of the agreement.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts. § 730.]

5. SAME—INTERPRETATION WHICH EFFECTUATES PREFERRED TO THAT WHICH ANNULS A CONTRACT.

That construction which sustains and vitalizes an agreement should be preferred to that which strikes down and paralyzes it.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 734.]

**6.** INDEMNITY—CONTRACT—FACTS—CONCLUSION.

A county board designated a private bank, the Toronto Bank, a depository of the funds of the county on condition that an approved bond should be furnished. The cashier of the bank filed with the board, and the latter approved, a bond signed by the bank and by the fidelity company, as surety, which recited the designation and was conditioned, among other things, that the obligors would indemnify the board against any losses it should sustain by reason of the designation. But it contained recitals that the corporate body, the Toronto Bank, Toronto, Kan., was the principal, and that this corporate body executed the bond, and it contained a condition, among other things, that the obligors would indemnify the board against the defalcations of this corporate body. The board deposited the funds of the county with the private bank which it had designated, and that bank defaulted. *Held*, the bond shows that the intention of the parties was that the obligors should bind themselves thereby to indemnify the board against the defalcations of the designated bank, whether it was a private or a corporate institution, and the surety is bound to do so.

**7.** TRIAL—PRACTICE—DEMURRER TO PLAINTIFF'S CASE WAIVED BY SUBSEQUENT EVIDENCE FOR DEFENDANT.

A defendant waives a demurrer to the plaintiff's evidence or a motion for judgment because it establishes no cause of action by the subsequent introduction of evidence to the merits on his own behalf.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial. §§ 981–983.]

**8.** APPEAL—TRIAL BY COURT—ISSUES OF FACT NOT REVIEWABLE AFTER GENERAL FINDING.

Where a jury is waived, and an action at law is tried by a national court which makes a finding or renders a judgment, no question of fact and no question of mixed law and fact, except those questions of law which have been reserved by exception, motion, or request, are reviewable in an appellate court.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3388.]

**9.** TRIAL—TRIAL BY COURT—SUFFICIENCY OF EVIDENCE—HOW REVIEWED.

The question whether or not at the close of the trial there is substantial evidence sufficient to sustain a finding for either party is a question of law.

Any question of law is reviewable in a trial before a court without a jury, which is reviewable in a trial before a jury.

This question is reviewable when the trial is by the court without a jury upon a motion for judgment, a request for a declaration of law, or any other action which fairly presents this issue of law to the trial court for determination before the trial ends.

The trial ends when the finding is filed, or, if no finding is filed before, when the judgment is rendered.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 330, 339.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

This writ of error was sued out to reverse a judgment of $5,000 upon a bond of the United States Fidelity & Guaranty Company, a corporation, as a surety of the Toronto Bank of Toronto in the state of Kansas. The board of county commissioners of Woodson county, Kan., the obligee in the bond, brought the action in the district court of Woodson county in the state of Kansas, and the defendant removed it to the United States Circuit Court for the District of Kansas upon the ground of the diversity of the citizenship of the parties. The fidelity company then appeared specially for that purpose, and upon its motion the service of the summons was set aside. Thereafter upon a motion of the plaintiff the court permitted it to file an amended peti-

tion and ordered that a summons should issue against the defendant thereon. This summons was duly served upon the defendant, which demurred to the amended petition on the grounds: (1) that the court had no jurisdiction of its person; (2) that it had no jurisdiction of the subject-matter of the action; and (3) that the petition did not state facts sufficient to constitute a cause of action. At the same time it made a motion to dismiss the action upon the ground that the federal court had acquired no jurisdiction by reason of the service of the summons issued by it, and the court denied this motion and overruled the demurrer. The fidelity company then answered, the case was tried by the court without a jury, and a judgment was rendered against the company.

A. J. Jones, A. M. Keene, and Edward C. Gates, for plaintiff in error.

J. C. Culver and A. F. Florence (W. R. Biddle, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The jurisdiction of the court below is challenged by counsel for the fidelity company upon the sole ground that after that corporation had removed this action from the state court, and the federal court had set aside the service of the summons upon the motion of the defendant, it permitted the plaintiff to file an amended petition and ordered the issue of a summons thereon which was subsequently properly served upon the defendant. The Circuit Court had jurisdiction of the subject-matter of the action because the citizenship of the parties was diverse and the amount involved in the controversy exceeded $2,000. Where the jurisdiction of the Circuit Court is founded solely upon the fact that the parties are citizens of different states, the action may be brought in the district in which either the plaintiff or the defendant resides, and the plaintiff in this action resided in the state of Kansas. Act Aug. 13, 1888, c. 866, 25 Stat. 434 [U. S. Comp. St. 1901, p. 508]; McCormack v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 485, 33 L. Ed. 833; Wilson v. Western Union Tel. Co. (C. C.) 34 Fed. 561. Again, by its removal of the action from the state to the federal court (Memphis Sav. Bank v. Houchens, 52 C. C. A. 176, 182, 115 Fed. 96, 102), and by its joinder in its demurrer of its objections to the jurisdiction of the court with its objection that the amended petition did not state facts sufficient to constitute a cause of action (St. Louis, etc., Ry. Co. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. 982, 35 L. Ed. 659; Southern Express Co. v. Todd, 56 Fed. 104, 106, 5 C. C. A. 432, 434), the defendant waived its objection that the action was not brought or pending in the proper district.

The removal of the case did not estop the defendant from assailing and avoiding the service of the summons; but, when that service had been quashed, the jurisdiction of the federal court over the subject-matter of the suit and its power to proceed by the issue of the usual process to acquire jurisdiction of the person of the defendant remained unimpaired. The plaintiff had the right to file a new and original petition in that court and to cause the issue of a summons thereon against the defendant as a matter of course. The receipt of the court of an

amended petition and the issue of a summons upon that petition deprived the defendant of no right or privilege which it would have had if the summons had been issued upon a second original petition, and the conclusion is unavoidable that a Circuit Court of the United States has plenary power to permit the filing of an amended petition and to issue a summons against the defendant thereon in an action which the latter has removed from the state court and in which, upon the defendant's motion, the federal court has set aside the service of the summons which had been issued in the state court. The Circuit Court lawfully acquired jurisdiction of the subject-matter of this action and of the person of the defendant, and the objection of counsel for the defendant to the power of that court to proceed in this case was properly overruled.

The next contention is that the court should have sustained the demurrer to the petition because it did not state facts sufficient to constitute a cause of action. Under the statutes of Kansas, individuals and parnerships are permitted to conduct the business of banking under certain legal restrictions and are called private banks. Gen. St. Kan. 1901, §§ 473, 452, 408, 415, 416. Five or more persons are authorized to form themselves into a banking corporation, and such corporation is empowered to carry on the business ordinarily transacted by banks. Section 407. Banking corporations are required, and private banks are forbidden, to embody the name of the state in their respective names. Sections 408, 452. The material facts set forth in the petition are these: The Toronto Bank was a private bank. On January 14, 1902, the board of county commissioners designated it by the name "Toronto Bank" to receive the funds of the county after it should furnish an approved bond. The fidelity company as surety executed, and the cashier of this bank filed, the bond in suit, and it was approved by the board on February 3, 1902. Thereafter the bank received deposits of the plaintiff's funds during the term of the bond and failed to pay them back on demand. A copy of the bond was attached to the petition. The argument of counsel for the defendant is that the undertaking of the obligors in this bond was to indemnify the plaintiff not against the defalcations of the private bank, which was designated to receive, and which did receive, the deposits of the county, but against the defalcations of the corporation the "Toronto Bank, Toronto, Kan.," which was not designated to receive, and which never secured any of the plaintiff's deposits or made any default in their payment. This proposition is founded upon these recitals in the bond:

"Know all men by these presents that the body corporate, the Toronto Bank, Toronto, in the state of Kansas, as principal" and the fidelity company as surety are bound, etc.

"Whereas, the said board of county commissioners of Woodson county, has designated the said the Toronto Bank, which is located at Toronto, Kan., as a county depository for the funds and moneys of whatever kind that shall come into the possession of the treasurer of said Woodson county by virtue of his office: Now, therefore, the condition of the above obligation is such that if the body corporate, the Toronto Bank, Toronto, Kan., shall during the period from the 30th of January, 1902, to the 30th of January, 1903, well and faithfully perform the said trust reposed in it by such designation, * * * and shall well and truly indemnify the said board of county commissioners of Woodson county from any and all loss which it may suffer or sustain during

the period aforesaid, by reason of the designation of the said the Toronto Bank, Toronto, Kan., as such depository as aforesaid, then this obligation to be void, otherwise to remain in full force and virtue. In testimony whereof, the said body corporate, the Toronto Bank, Toronto, Kan., has caused this bond to be signed by its president and cashier and the corporate seal to be affixed hereto," etc.

"[Signed]    The Toronto Bank, W. P. Dickerson, Cashier."

The question is whether this bond was a contract to indemnify the plaintiff against the losses it might suffer by the default of a corporation which it had not designated to receive its deposits, or against the losses it might sustain by reason of the defalcations of the private bank which it had designated for that purpose. A surety is a favorite of the law, and he is never liable beyond the strict terms of his obligation. But his contract is, after all, nothing but an agreement, and, like all other agreements, it must have a just and rational interpretation. The purpose of every written contract is to express the intention of the parties. The object of all construction of agreements is to ascertain that intention to the end that it may be enforced. The court should, as far as possible, put itself in the place of the parties when their minds met upon the terms of the agreement, and then from a consideration of the writing itself, its purpose, and the circumstances which conditioned its making endeavor to ascertain what they intended to agree to do—upon what sense or meaning of the terms they used their minds actually met. Accumulator Co. v. Dubuque St. Ry. Co., 12 C. C. A. 37, 41, 42, 64 Fed. 70, 74; City of Salt Lake v. Smith, 104 Fed. 457, 462, 43 C. C. A. 637, 643; Fitzgerald v. First National Bank, 52 C. C. A. 276, 284, 114 Fed. 474, 482. That intention must be deduced not from specific provisions or fragmentary parts of the instrument, but from the entire agreement, because the intent is not evidenced by any part or provision of it, nor by the instrument without any part or provision, but by every part and term so construed as to be consistent with every other part and with the entire contract. Jacobs v. Spalding, 71 Wis. 177, 189, 36 N. W. 608; Boardman v. Reed, 6 Pet. 328, 8 L. Ed. 415; Canal Co. v. Hill, 15 Wall. 94, 21 L. Ed. 64; O'Brien v. Miller, 168 U. S. 287, 297, 18 Sup. Ct. 140, 42 L. Ed. 469; Pressed Steel Car Co. v. Eastern Ry. Co., 57 C. C. A. 635, 637, 121 Fed. 609, 611; Uinta Tunnel, etc., Co. v. Ajax Gold Min. Co. (C. C. A.) 141 Fed. 563. The actual intent of the parties when thus ascertained must prevail over the dry words, inapt expressions, and careless recitations in the contract, unless that intention is directly contrary to the plain sense of the binding words of the agreement. Pressed Steel Car Co. v. Eastern Ry. Co., 57 C. C. A. 635, 637, 121 Fed. 609, 611; Uinta Tunnel, etc., Co., v. Ajax Gold Min. Co. (C. C. A.) 141 Fed. 563; Wilson v. Bevan, 62 Eng. Com. Law, 684; Lewis v. Tipton, 10 Ohio St. 88, 90, 75 Am. Dec. 498. Let us apply these familiar rules of interpretation to the bond in suit. On the one hand, this instrument recites that the body corporate, the Toronto Bank, Toronto, Kan., as principal, is bound. It contains the condition, among other things, that, if that body corporate shall make default, the surety will pay, and it recites that the body corporate executes the bond. On the other hand, before the bond was executed the plaintiff had designat-

ed the Toronto Bank, a private bank, as the county depository. This designation distinguished this depository from any banking corporation by the fact that the name of the state was not a part of the name of the bank which was designated. The bond recited that this designation had been made and distinguished the depository thus designated from a corporate bank in the same way. This bond was conditioned, among other things, that the obligors would indemnify the board against any loss it should sustain by reason of that designation. And while the bond recited that it was executed by the corporation as principal, the signature of the principal to the bond was that of the private bank, and not that of a corporation. Moreover, the purpose of the execution of this bond was not to guaranty the corporate or the private character of the Toronto Bank, but to indemnify the plaintiff against losses that might result from its selection of that bank as a depository of the county funds.

The situation of these parties at the time this contract was made, the previous designation of the private bank as the depository of the funds of the county, the object of the execution and acceptance of the bond, the signature to it of the private bank as the principal, and a thoughtful study of all the terms and conditions of the contract itself, converge with persuasive force to forbid the conclusion that the court below was in error when it found that the real intention of the parties expressed by this contract was that the obligors should bind themselves thereby to indemnify the plaintiff against the defalcations of the designated depository, regardless of the question whether that depository was a private or a corporate institution.

There are other considerations which impel to the same conclusion. Sureties are estopped from denying the truth of recitals in the bonds they execute. Brandt, Suretyship and Guaranty (3d Ed.) § 816. The defendant is therefore estopped from denying the truth of the recital in its bond that the private bank and not the corporation was selected by the plaintiff as well as by the condition contained in the bond that the surety would indemnify the plaintiff against losses which resulted from that designation.

Finally, the interpretation for which counsel for the defendant contend would render the bond ineffective and useless at the time it was executed by the obligors and accepted by the plaintiff and ever since. The board never designated the corporation, the Toronto Bank, Toronto. Kan., as a depository of its funds, and indemnity against losses resulting from such a designation was neither useful nor desired. That construction which sustains and vitalizes an agreement should be preferred to that which strikes down and paralyzes it. "Such a construction should be placed upon the contract as will prevent its failure, and will give effect to the obligation of each of the parties appearing upon it at the moment the contract itself takes effect—'ut res magis valeat quam pereat.'" Greenough v. Smead, 3 Ohio St. 415, 421; Lewis v. Tipton, 10 Ohio St. 88, 75 Am. Dec. 498; Archibald v. Thomas, 3 Cow. (N. Y.) 284, 290; Phipps v. McFarlane, 3 Minn. 109 (Gil. 61), 74 Am. Dec. 743. The result is that this bond shows that the intention of the parties was that the obligors should bind themselves thereby to

indemnify the plaintiff against the defalcations of the bank designated by the board of county commissioners, whether that bank was a private or a corporate institution. The statements in the bond of the corporate character of the principal were but careless recitals and inapt expressions inconsistent with the intention of the parties, and the latter must prevail over these dry words of the instrument. Kauffman v. Raeder, 47 C. C. A. 278, 282, 108 Fed. 171, 175; Tillitt v. Mann, 43 C. C. A. 617, 619, 104 Fed. 421, 423; Accumulator Co. v. Dubuque St. Ry. Co., 12 C. C. A. 37, 43, 64 Fed. 70, 76; Rockefeller v. Merritt, 22 C. C. A. 608, 614, 76 Fed. 909, 915. The demurrer to the petition was properly overruled.

It is specified as error that the court overruled the defendant's demurrer to the evidence at the close of the plaintiff's case in chief. But the fidelity company subsequently introduced evidence upon the merits of the issues in this controversy, and a defendant waives his demurrer to the plaintiff's evidence by the subsequent introduction of evidence to the merits in his own behalf. Barnard v. Randle, 49 C. C. A. 177, 178, 110 Fed. 906, 907; Insurance Co. v. Frederick, 58 Fed. 144, 147, 148, 7 C. C. A. 122, 126; Insurance Co. v. Heiserman, 67 Fed. 947, 15 C. C. A. 95; Jefferson v. Burhans, 85 Fed. 924, 927, 29 C. C. A. 487, 490; Railroad Co. v. Mares, 123 U. S. 710, 713, 8 Sup. Ct. 321, 31 L. Ed. 296; Insurance Co. v. Crandal, 120 U. S. 527, 530, 7 Sup. Ct. 685, 30 L. Ed. 740.

Counsel for the defendant have assigned as error the rendition of the judgment against it upon the grounds: (1) That the amended petition stated no cause of action; (2) that the judgment was contrary to the evidence, and was not supported thereby; and (3) that the judgment should have been in favor of the defendant. The first reason for this specification of error has been considered and overruled. The second and third grounds present the single question whether or not the judgment is supported by the weight of the evidence. They do not assert that there was no substantial evidence to sustain the judgment, but that the evidence does not support it. In actions at law this is a court for the correction of the errors of law committed by the trial court and for the correction of these errors only. The acts of Congress provide that "there shall be no reversal in the Supreme Court upon a writ of error * * * for any error in fact" (Rev. St. § 1011 [U. S. Comp. St. 1901, p. 715]); and this provision of the statute governs the Circuit Court of Appeals (Hall v. Houghton, etc., Co., 60 Fed. 350, 8 C. C. A. 661); that issues of fact in civil cases may be tried by the court without a jury; that "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury" (Rev. St. § 649 [U. S. Comp. St. 1901, p. 525]); and that, "when an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, * * * the rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal" (Rev. St. § 700 [U. S. Comp. St. 1901, p. 570]).

The verdict of a jury concludes all issues of fact and of mixed law and fact save those questions of law which have been reserved for review by demurrer, motion, request, or exception.    A finding of the court without a jury has the same effect, with the single exception that when the finding is special the question whether the facts found sustain the judgment is open to review.    In the trial of an action by the court without a jury the rulings of the court in the progress of the trial, and those only, are open to review.    The true test for determining whether or not a question or ruling in a trial by the court without a jury is reviewable is the answer to the question whether or not it would have been open to review if the trial had been to a jury.

The question whether or not at the close of a trial there is substantial evidence to sustain a finding in favor of a party to the action is a question of law which arises in the progress of the trial.    In a trial to a jury it is reviewable on an exception to a ruling upon a request for a peremptory instruction.    In a trial by the court without a jury it is reviewable upon a motion for a judgment, a request for a declaration of law, or any other action in the trial court which fairly presents this issue of law to that court for determination before the trial ends.    The trial ends only when the finding is filed, or, if no finding is filed before, when the judgment is rendered.    Clement v. Insurance Co., 7 Blatchf. 51, 53, 54, 58, Fed. Cas. No. 2,882; Mercantile Trust Co. v. Wood, 60 Fed. 346, 348, 8 C. C. A. 658, 659; St. Louis v. Western Union Tel. Co., 148 U. S. 92, 96, 13 Sup. Ct. 485, 37 L. Ed. 380; Ward v. Joslin, 186 U. S. 142, 147, 22 Sup. Ct. 807, 46 L. Ed. 1093; The Francis Wright, 105 U. S. 381, 387, 26 L. Ed. 1100; The City of New York, 147 U. S. 72, 76, 77, 13 Sup. Ct. 211, 37 L. Ed. 84; Laing v. Rigney, 160 U. S. 531, 540, 16 Sup. Ct. 366, 40 L. Ed. 525; Martinton v. Fairbanks, 112 U. S. 670, 672, 673, 5 Sup. Ct. 321, 28 L. Ed. 862; Dooley v. Pease, 180 U. S. 126, 131, 21 Sup. Ct. 329, 45 L. Ed. 457; Insurance Co. v. Folsom, 18 Wall. 237, 252, 21 L. Ed. 827; Hathaway v. Cambridge National Bank, 134 U. S. 494, 498, 10 Sup. Ct. 608, 33 L. Ed. 1004; Runkle v. Burnham, 153 U. S. 216, 225, 14 Sup. Ct. 837, 38 L. Ed. 694; Case Mfg. Co. v. Soxman, 138 U. S. 431, 438, 11 Sup. Ct. 360, 34 L. Ed. 1019.    No motion, request, or act of this nature is recorded in the case in hand, so that the question of the sufficiency of the evidence to sustain the finding and judgment is not open for consideration in this court.    Martinton v. Fairbanks, 112 U. S. 670, 672, 673, 5 Sup. Ct. 321, 28 L. Ed. 862; Dooley v. Pease, 180 U. S. 126, 131, 21 Sup. Ct. 329, 45 L. Ed. 457; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 127, 22 Sup. Ct. 55, 46 L. Ed. 113; Hoge v. Magnes, 85 Fed. 355, 358, 29 C. C. A. 564, 567; Barnard v. Randle, 49 C. C. A. 177, 180, 110 Fed. 906, 909; York v. Washburn, 129 Fed. 564, 566, 64 C. C. A. 132, 134.

The finding of the court was general and was in favor of the defendant.    Like a verdict of a jury it concludes all issues of fact and all mixed questions of fact and law save the questions of law reserved by demurrer, motion, request, or exception.    No questions of law were reserved which have not been considered and decided.

The judgment below must therefore be affirmed, and it is so ordered.

ADAMS, Circuit Judge (concurring). I concur in the conclusion reached in the foregoing opinion, but am not prepared to assent to the rule announced that "the true test for determining whether or not a question or ruling in a trial by the court without a jury is reviewable is the answer to the question whether or not it would have been open to review if the trial had been to a jury." The issues in this case require no expression of opinion as to the rule, and for that reason I do not now approve or disapprove of it.