## HALL v. WESTERN UNION TELEGRAPH CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908. Rehearing Denied May 20, 1908.)

No. 1,354.

APPEAL AND ERROR—REVIEW—CAUSE TRIED TO COURT—GENERAL FINDING.

A general finding by a Circuit Court, where a jury has been waived, is conclusive in the courts of review on all issues of fact, if there was any evidence on which it could have been made, and the rule is applicable notwithstanding a motion by the defeated party for judgment raising an assumed question of law as to the sufficiency of the evidence.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

This writ of error is from a judgment in favor of the defendant below, in an action of trespass on the case, brought by the plaintiff in error (as plaintiff) to recover damages for alleged negligence of the defendant. The issues, under the declaration and plea of not guilty, were submitted for trial by the court, upon waiver of a jury, and the finding of the court was general—of "the issues generally for the defendant." At the close of the testimony, motion was made on behalf of the plaintiff for a finding in his favor "on the ground that the evidence was sufficient in law to warrant such finding," and exception was taken for denial thereof. The ruling of the court thereupon is assigned as error, and the testimony heard upon the trial is preserved in a bill of exceptions. Alleged error in this ruling is relied upon for reversal. although a ruling in the course of the trial, striking out an item of testimony, is also complained of.

The issues raised under several counts of the declaration were of negligence in the treatment of a message, accepted at the defendant's office in Houghton, Mich., to be transmitted by wire to 325 persons, including the plaintiff. at various locations throughout the country, whereby delivery to the plaintiff was delayed, causing him to suffer loss in a purchase of mining stocks. The transaction was the same involved in Swan v. Western Union Telegraph Co., 129 Fed. 318, 63 C. C. A. 550, 67 L. R. A. 153; but the testimony in the present case discloses other material facts and circumstances, which render both the stipulation of facts, as there submitted, and the deductions therefrom in the opinion referred to, inapplicable for an understanding of the issues and testimony upon which the present finding rests, beyond the general nature of the transactions, and the form and character of the message and of the lists of addressees, in numerous localities, to whom the message was to be transmitted from the defendant's Houghton office. In so far as the testimony in the case at bar is deemed material for the purpose of review, mention will appear in the opinion.

Henry Love Clarke, for plaintiff in error.
Percy B. Eckhart, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The defendant telegraph company received from Stevens, "a copper-min-

162 F.—42

ing expert," at its office in Houghton, Mich., a message to be sent by wire to 325 different persons, in numerous localities and various sections of the United States, with their addresses accompanying the message, on six typewritten (single space) sheets. Its import, of rich developments in "Mohawk" copper mine and "quick rise" in the stock, with advice to make "quick purchase," and the purpose of the message, to induce purchases on the Boston Stock Exchange (where the stocks were listed), and expectation that "the entire lot was to be transmitted as rapidly as possible," were well understood at the Houghton office, when the message was accepted to be forwarded. The plaintiff, Hall, was one of the addressees named in the list, located at Chicago. While the message and lists were accepted in the morning, his copy reached his Chicago address at 3:25 p. m. As the Boston Stock Exchange closed at 2 p. m. (Chicago time), and no hour of sending (or delay) was indicated in the message, the plaintiff testifies that he assumed it to be applicable for the following day, purchased stock accordingly, when the price had advanced, and the delay deprived him of the benefit of purchase at the lower prices of the instant day.

The declaration alleges, in several counts, negligence on the part of the defendant company: (a) In failing to transmit the plaintiff's message with dispatch, as its undertaking required; and (b) in failure to notify either Stevens or Hall of the fact of delay. Under the defendant's plea of not guilty, the issues thus presented were submitted for trial by the court, without a jury, and considerable testimony appears upon the primary issue of negligence in the treatment of the messages at Houghton and en route, with various versions by the witnesses of the transactions at Houghton. The finding of the trial court thereupon was general on all issues in favor of the defendant—in effect a verdict of not guilty—so that the finding is conclusive of reasonable diligence and dispatch on the part of the telegraph company, if supported by evidence. The rule thus stated is well settled and invariable (Lehnen v. Dickson, 148 U. S. 71, 72, 13 Sup. Ct. 481, 37 L. Ed. 373, and cases reviewed; Dooley v. Pease, 180 U. S. 126, 132, 21 Sup. Ct. 329, 45 L. Ed. 457), and it is equally applicable to such issue of fact, notwithstanding a motion by the defeated party raising an assumed question of law upon the sufficiency of the evidence—as clearly recognized in the several authorities, infra, cited in the brief for the plaintiff in error, by way of support for departure from the rule in such case.

The plaintiff in error interposed a "peremptory motion for judgment for the plaintiff on the ground that the evidence was thereto sufficient in law," which was overruled by the court. Thereupon the contention for review of this finding is thus stated in the argument on behalf of the plaintiff in error: "A reviewable proposition of law" is raised by such motion "as to the sufficiency of the entire evidence to sustain the case of the moving party." And the authorities relied upon for its support are: City of St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 96, 13 Sup. Ct. 485, 37 L. Ed. 380; United States Fidelity & G. Co. v. Board of Com'rs, 145 Fed. 144, 76 C. C. A. 114; World's Columbian Ex. Co. v. Republic of France, 96 Fed. 687, 38 C. C. A. 483. Neither these cases, nor any citations in the argument,

uphold this contention, in our understanding of their doctrine, which is well recognized alike in respect of the verdict of a jury or finding of the court, on issues of fact in trials at law. That doctrine is that when no issue of ultimate fact remains under the testimony, at the close of the case, determination of the controversy arises as a question of law, upon proper motion, and the authorities referred to concur in the rule that the only reviewable question of law raised by the plaintiff's above-mentioned motion was whether there was substantial evidence in support of the finding for the defendant. When such evidence appears in the record, the motion is left without force for the purposes of review, and the finding settles the issues of fact. The testimony is not further reviewable to ascertain seeming credibility or preponderance of the evidence.

On reference to the evidence introduced on behalf of the defendant in this record, support for the finding clearly appears in the testimony of the manager and both operators, at the Houghton office of the company. These witnesses concur in detailing the utmost dispatch and diligence in sending the messages to the addresses, 325 in number, as rearranged for best wiring service, with both operators and all the wires employed constantly in such work, from the time Stevens directed transmission until all were completed. Although Stevens (the sender) brought the message and lists to the office early in the morning, all were to be held to await his order for wiring, and such order was not given until 10:10 a. m., notwithstanding the imminence of the closing hour (for that day) of the Boston Stock Exchange. The methods employed by the telegraph office to expedite the wiring are described in detail by the witnesses—including simultaneous use of local and duplex (through) wires, provisions for relays and for "manifolding at relay offices," together with needful rearrangement of the lists for such purposes—but we deem it sufficient to mention, as fair deductions of fact therefrom: That efficient operators and every available means were in the service, from start to finish, and the performance was extraordinary and speedy; that Stevens was acquainted with the difficulty of such work and the equipment of the office, and no representations were made to him which were not carried out; that Stevens made several calls at the office during the morning, and on his last visit, at the noon hour, was informed of a short delay which had occurred from "wire trouble," but then corrected, and the messages were in course of forwarding, but not completed; and that he neither inquired as to the number sent or further time required, nor gave any instructions or warning as to the remaining messages.

This version of the transaction was, in effect, accepted by the trial court as established by the preponderance of the proof. In so far as it was at variance with evidence introduced by the plaintiff, the finding in its favor is conclusive; and, so treated, no standing appears for the charge of negligence and breach of duty on the part of the defendant. Moreover, the facts stated by the above-mentioned witnesses, of exercising the utmost vigilance and dispatch in transmitting the messages, are uncontroverted, while reversal is sought upon these propositions, in substance: (a) That "quick dispatch" was understood to be needful and was promised by the manager; (b) that other testimony

establishes that all could have been sent, with the facilities of the office, before noon; (c) that the order of the addresses on the lists was disregarded, so that the plaintiff's address, at the head of a sheet numbered 1, was not reached for sending until afternoon; (d) that it became the duty of the defendant, in such event to notify either Stevens or the plaintiff of such postponement, to save from the misunderstanding, from which the alleged loss arose. We are of opinion that neither of these contentions is tenable under the finding referred to. Each rests alike on a question of fact, whether the issue stated is one alone of fact, or of mixed law and fact, and each is equally settled by the general finding of fact, whenever the question of law involved is not distinguished and reserved for review apart from the fact. U. S. Fidelity & Guaranty Co. v. Board of Com'rs, 145 Fed. 144, 151, 76 C. C. A. 114.

The testimony discloses no undisputed fact of instructions disregarded, of materiality pointed out or suggested in the order of the addresses—concededly arranged both by Stevens and by the telegraph operators for convenience in wiring, with no intimation by Stevens that individual preference was intended—or of promise or duty unperformed on the part of the defendant; and we are of opinion that no reviewable error is assigned, either upon the motion of plaintiff. for a finding in his favor, or upon the adverse finding and judgment.

The remaining assignment of error relates to the rejection of testimony, offered by way of fixing damages for recovery by the plaintiff, and thus becomes immaterial in the foregoing view.

The judgment of the Circuit Court is affirmed.