SEEP v. FERRIS–HAGGARTY COPPER MINING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1912.)

No. 3,653.

1. COURTS (§ 405*)—COURT OF APPEALS—JURISDICTION—EXTENT OF REVIEW.

The Circuit Court of Appeals, being a court of error only, can review only such errors in an action tried by the court as are presented by legal propositions presented to and ruled on by the trial court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 846*)—REVIEW—PRESENTATION OF QUESTION TO TRI-
   AL COURT.
      Where an action is tried to the court, questions of law can be raised
   for review by writ of error only by first making seasonable objections
   to the admission or rejection of evidence, and by requesting the court be-
   fore the trial is ended to make declarations of law, and excepting to its
   refusal to do so, and to its declarations of law, if any, that do not ac-
   cord with the propositions asked, in the same way as instructions to a
   jury would be requested, and exceptions taken to the giving or refusal
   thereof, if the case had been tried to a jury.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3347–
   3362, 3366; Dec. Dig. § 846.*]

3. APPEAL AND ERROR (§ 1008*)—FINDINGS OF TRIAL COURT—EFFECT.
      Where an action is tried to the court without a jury, the court's finding,
   whether general or special, performs the same office as the verdict of a
   jury.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–
   3969; Dec. Dig. § 1008.*]

4. APPEAL AND ERROR (§ 846*)—SUFFICIENCY OF EVIDENCE—REVIEW.
      Where an action is tried to the court without a jury, if the appellant
   desires the Circuit Court of Appeals to review the question whether there
   is substantial evidence to support the judgment, he must request the trial
   court to make a finding or enter a judgment in his favor.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3347–
   3362, 3366; Dec. Dig. § 846.*]

In Error to the Circuit Court of the United States for the District
of Wyoming; John A. Riner, Judge.

Action by Joseph Seep against the Ferris-Haggarty Copper Mining
Company and others. Judgment for defendants, and plaintiff brings
error. Affirmed.

Horace N. Hawkins, of Denver, Colo., for plaintiff in error.

Charles E. Blydenburgh and A. McMicken, both of Rawlins, Wyo.
for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and WM. H.
MUNGER, District Judge.

WM. H. MUNGER, District Judge. This was an action at law.
A jury was waived, and trial had to the court, which made a general
finding for defendant, and entered judgment thereon. The assign-
ments of error are:

"First. The court erred in finding for the defendants.

"Second. The court erred in rendering judgment against the plaintiff in
error.

"Third. The court erred in rendering judgment that the defendants go
hence without day.

"Fourth. The court erred in rendering judgment that the defendants re-
cover of the plaintiff the costs of the cause.

"Fifth. The court erred in not finding for the plaintiff.

"Sixth. The court erred in not awarding the plaintiff judgment as prayed
for in the petition."

Plaintiff tendered to the court no request for any finding of fact
or law, or for judgment in his favor. Such being the case, under
numerous decisions of the Supreme Court and this court, there is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nothing which this court can review. Mercantile Trust Co. v. Wood, 60 Fed. 346–348, 8 C. C. A. 658; United States Fidelity & G. Co. v. Board of Com'rs, 145 Fed. 144–151, 76 C. C. A. 114; Nat'l Surety Co. v. United States for the use, etc., 200 Fed. 142, decided at this term, and cases therein cited.

As the same question is presented at nearly every term of this court, and in three different cases at the present term, we will restate the rules heretofore announced essential to obtain a review of a judgment in an action at law, in which a jury is waived and the case tried to the court.

[1] In Mercantile Trust Co. v. Wood, supra, Judge Sanborn, writing the opinion, said:

"When a case comes to this court upon a writ of error, this is a court for the correction of the errors of the court below solely. To enable us to review those errors in a case tried by the court, it must appear that the legal propositions on which they rest were presented to that court and ruled upon before the trial ended."

[2, 3] And in the same opinion it is stated:

"There are only two methods by which questions of law can be so presented to the court that tries the facts that this court can review them by writ of error. These methods are: First, by seasonable objections and exceptions to the rulings of the court upon the admission or rejection of evidence; and, second, by requesting the court, before the trial is ended, to make declarations of law, and excepting to its refusal to do so, and to its declarations of law, if any, that do not accord with the propositions asked, in exactly the same way as instructions to a jury would be requested, and the rulings of the court giving or refusing them would be excepted to, if the trial was before a jury. The finding of the court, whether general or special, performs the office of a verdict of a jury. When it is made and filed, the trial is ended."

Again, in United States Fidelity & G. Co. v. Board of Com'rs, supra, the same judge said:

"The question whether or not at the close of a trial there is substantial evidence to sustain a finding in favor of a party to the action is a question of law which arises in the progress of the trial. In a trial to a jury it is reviewable on an exception to a ruling upon a request for a peremptory instruction. In a trial by the court without a jury it is reviewable upon a motion for a judgment, a request for a declaration of law, or any other action in the trial court which fairly presents this issue of law to that court for determination before the trial ends. The trial ends only when the finding is filed, or, if no finding is filed before, when the judgment is rendered.'

These statements of the mode in which the judgment of the court, in an action at law when a jury has been waived, may be reviewed, seem plain and specific. All that it is necessary for counsel to do in the trial of an action at law to the court, when a jury is waived, is to bear in mind that the judge trying the case is acting in a dual capacity: First, as a trier of questions of law, the same as if the case were being tried to a jury; second, as a trier of facts, in the place of a jury. If the case was tried to a jury, to enable the appellate court to pass upon the question as to whether or not there is substantial evidence to sustain a finding in favor of a party, it is necessary to request the court to direct a finding. Upon the court's refusal, and

an exception being taken, that question may be reviewed. So, too, when a case is tried to a court without a jury.

[4] If a party desires to have the appellate court review the question as to whether there is substantial evidence to support the final judgment, he must request the trial court to make a finding or enter a judgment in his favor, and if there arise questions of law applicable to the case in the trial of a case before a jury, a party must request the court to instruct the jury in respect thereto, and upon the court's refusal, and an exception taken, the correctness of the questions of law so requested, and the effect of their refusal, may be reviewed; or an exception to propositions of law which the court gives to a jury may in like manner be reviewed. So, when a case is tried to the court, requests should be made to the court to find and announce the propositions of law which it is claimed are applicable to the facts in the case. If the court refuses to so find, and an exception is taken, the questions may be reviewed in the appellate court; or, if the court makes findings of law, and they are duly excepted to, they may be reviewed.

We have thus restated the rule for the reason, before given, that cases are being constantly brought to this court for review which simply request this court to try the case de novo, when its jurisdiction is confined to the correction of errors only which may have been committed by the trial court. As no such questions are presented in this case, the assignments of error simply seeking to have this court try the case de novo upon the evidence, the judgment is affirmed.