### UNITED STATES v. UNION STOCKYARDS CO. OF OMAHA, Limited (five cases).

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

Nos. 6056–6060.

Carriers ⊚⟾37—Evidence held not to show violation of Twenty-Eight Hour Law.
   In actions by government against stockyards company for violations of Twenty-Eight Hour Law (Comp. St. §§ 8651–8654), evidence not showing that defendant knew or could have known for what period of time the cattle had been held in the cars by connecting carriers before delivery to defendant without having been unloaded for food, water, and rest, and showing that defendant handled the shipments after they came into its hands with all possible diligence, was insufficient to show that defendant knowingly and willfully violated the act.

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Actions by the United States against the Union Stockyards Company of Omaha, Limited, to recover penalty for violation of the Twenty-Eight Hour Law, consolidated for trial. Judgment for defendant, and the United States brings error. Affirmed.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and A. W. Lane, Asst. U. S. Atty., both of Omaha, Neb., on the brief), for the United States.

Norris Brown, of Omaha, Neb. (Irving F. Baxter, Dana B. Van Dusen, and Rody Ryan, all of Omaha, Neb., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SYMES, District Judges.

POLLOCK, District Judge. Five actions were brought by the government against the Union Stockyards Company of Omaha, charging several violations of the provisions of what is commonly called the Twenty-Eight Hour Law (Comp. St. §§ 8651–8654), in the making of as many shipments of cattle received at the Omaha yards. These five cases were consolidated for the purpose of the trial, and were tried and determined by the court on an agreed statement of facts and a stipulation waiving a jury, and in each case there was a general finding of the facts and judgment for defendant. As the cases were all heard together as one case, they will be so determined here. Parties are referred to as they stood on the record in the court below.

While, as shown by the record, there is a general demurrer interposed by the government to the answers of the defendant in each of the cases, an examination of the answers shows them to have alleged a good and valid defense in law to the actions brought. Therefore the demurrers were rightly denied by the trial court, and no point seems now to be made of such ruling on the briefs and argument of the government in this court. As has been stated, the cases were tried and determined by the court without the intervention of a jury. Section 1011, Revised Statutes (Comp. St. § 1672), provides, as follows:

"There shall be no reversal in the Supreme Court or in a Circuit Court upon a writ of error, for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact."

Under the assignments of error found in these records as they are saved, all except the one challenging the correctness of the rulings on the demurrers relate to the facts of the cases, and as the records show no declarations of law requested, and no motions challenging the ruling of the court below, it is a question of the gravest doubt if there is any claim of error whatever which can be examined here. Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; United States Fidelity & Guaranty Co. v. Board of Com'rs, 145 Fed. 144, 150, 151, 76 C. C. A. 114, 120, 121, and cases there cited; Mercantile Trust Co. v. Wood, 60 Fed. 346, 348, 349, 8 C. C. A. 658, 660, 661; Barnard v. Randle, 110 Fed. 906, 909, 49 C. C. A. 177, 180; Barnsdall v. Walte-

meyer, 142 Fed. 415, 417, 73 C. C. A. 515; Seep v. Ferris-Haggarty Copper Min. Co., 201 Fed. 893, 894, 895, 896, 120 C. C. A. 191, 192, 193, 194; Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 784, 127 C. C. A. 332, 334; Ewert v. Thompson et al. (C. C. A.) 281 Fed. 449.

However, suppose a claim of error is so presented on these records as to permit of examination here, then, under the pleadings and agreed facts, the judgments entered in the court below are right, and must be sustained, for this reason: The petitions, as they must do to state a cause of action against defendant, alleged the provisions of section 1 of the act to have been knowingly and willfully violated by defendant in handling the cattle. The agreed facts, on examination, will be searched in vain for any evidence to support the charge made against defendant. It is not shown by the evidence defendant knew or could have known for what period of time the cattle had been held in the cars by connecting carriers before delivery to defendant without having been unloaded for food, water and rest, as commanded by the statute. The evidence does show defendant handled these shipments after the same came into its hands with all possible diligence. Therefore there is no evidence whatever to be found in this record under which the defendant could have been held to a violation of the statute in having knowingly and willfully violated the act, as must be alleged and proven in order to constitute the violation of the statute charged. See St. Joseph Stockyards Co. v. United States, 187 Fed. 104, 110 C. C. A. 432; Grand Trunk Railway Co. v. United States, 229 Fed. 117, 143 C. C. A. 392; St. L. & S. F. Ry. Co. v. U. S., 169 Fed. 69, 94 C. C. A. 437; U. S. v. Sioux City Stockyards Co. (C. C.) 162 Fed. 556; U. S. v. Stockyards Terminal Co. (C. C.) 172 Fed. 452; N. Y. Central & H. R. R. Co. v. U. S., 165 Fed. 833, 91 C. C. A. 519, and many other cases that might be cited.

The judgments entered in the trial court must be affirmed.