## UNITED STATES v. STOCKYARDS TERMINAL CO.

(Circuit Court, D. Minnesota, Third Division. July 17, 1909.)

CARRIERS (§ 37*) — CARRIERS OF LIVE STOCK — TWENTY-EIGHT HOUR LAW — LIABILITY OF CONNECTING CARRIER.

Where the initial carrier of live stock has been subjected to the penalty imposed by Act June 29, 1906, c. 3594, § 1, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), for confining live stock longer than thereby permitted without unloading for rest, water, and feeding, in a second action against a connecting carrier to recover for the same confinement, the first 28 hours of the confinement, or 36 hours in case it was requested by the owner, which was necessarily included in the period covered by the judgment in the first action, cannot be counted against the defendant.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 37.*]

C. C. Houpt, U. S. Dist. Atty.
Davis, Kellogg & Severance and Robert E. Olds, for defendant.

WILLARD, District Judge. This action is brought to recover a penalty under the act of June 29, 1906, entitled "An act to prevent cruelty to animals while in transit," commonly called the "Twenty-Eight Hour Law" (34 Stat. 607, c. 3594 [U. S. Comp. St. Supp. 1907, p. 918]). The complaint states two causes of action; but on the trial the case was dismissed as to the second cause of action, and as to the first it was heard upon an agreed statement of facts.

A shipment of five car loads of cattle was loaded at Lavina, Mont., at 11 p. m. July 31, 1908, consigned to the Union Stockyards, Chicago, Ill., was thence carried by the Chicago, Milwaukee & St. Paul Railway Company to Dayton's Bluff, St. Paul, Minn., and there delivered to the defendant at 6:35 a. m. on August 3d. The time intervening between the completion of the loading at Lavina and the delivery of the shipment to the defendant was 55 hours and 35 minutes. The stock was carried by the defendant company from Dayton's Bluff to the stockyards at South St. Paul, a distance of about 11 miles, for the sole purpose of being unloaded, rested, watered, and fed. The unloading was commenced at said stockyards at South St. Paul at 8:40 on the morning of August 3d. The stock was therefore in the custody of the defendant company 2 hours and 5 minutes. It thus appears that the animals were continuously confined without food, water, and rest for total period of 57 hours and 40 minutes. By virtue of a request of the owner of the stock, the time of confinement was extended to 36 hours.

The government brought an action under the statute above cited against the Chicago, Milwaukee & St. Paul Railway Company to recover a penalty for confining this stock, in violation of law, for more than 36 hours. Judgment was rendered in that action in favor of the government, and against the Chicago, Milwaukee & St. Paul Railway Company, for a penalty of $250, which judgment has been paid and satisfied. The violation of the law for which the Chicago, Milwaukee & St. Paul Railway Company was thus punished related to at least the first 36 hours of the confinement of the stock, and this period ter-

minated on August 2d at 11 a. m. No part of this time elapsed while the defendant was in possession of the stock, and with this violation of the law on the part of the Chicago, Milwaukee & St. Paul Railway Company the defendant had nothing to do. It is true that the act provides that:

"In estimating such confinement the time consumed in loading and unloading shall not be considered, but the time during which the animals have been confined without rest, food or water on such connecting road shall be included."

But in this case the first 36 hours elapsed while the stock was in the possession of the Chicago, Milwaukee & St. Paul Railway Company, and cannot be counted against the defendant. For the violation of the act during that time the law has been satisfied; the Chicago, Milwaukee & St. Paul Railway Company having been punished therefor. The only time elapsing while the stock was in the possession of the first carrier which could in any event be charged against the defendant is the time between 11 o'clock on the morning of the 2d of August and 40 minutes past 8 on the morning of the 3d day of August. This is 21 hours and 40 minutes, being less than 28 hours, or in this case 36 hours. There has been no violation of the act by the defendant railway company, and I make a general finding in its favor.

The other questions discussed by counsel on the trial and in their briefs need not be considered, in view of the result hereinbefore reached.

Let judgment be entered in favor of the defendant, and that the plaintiff take nothing by this action.