## DAVIES v. HOME TRUST CO.
### No. 10322.

Circuit Court of Appeals, Eighth Circuit.
April 14, 1936.

A. J. Granoff and John Kramer, both of Kansas City, Mo., for appellant.

I. J. Ringolsky, William G. Boatright, Harry L. Jacobs, and Ringolsky, Boatright & Jacobs, all of Kansas City, Mo., for appellee.

Before STONE, VAN VALKENBURGH, and FARIS, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant, trustee for M. Morgan Manufacturing Company, bankrupt, sued appellee, defendant below, to recover an alleged preferential payment. In this discussion the parties will be described as in the trial court.

September 29, 1930, the bankrupt executed to defendant, a banking corporation, its promissory note in the sum of $15,000, payable thirty days after date. This note was the last of a series of notes given in renewal of a note for $20,000 originally executed July 22, 1929, by the then president of the bankrupt company. It was stipulated at its making that this renewal note should be paid at maturity. The bankrupt company was engaged in the manufacture of ladies' and children's coats in Kansas City, Mo. Its business with the defendant bank had been quite extensive. Its first deposit with defendant was made on January 20, 1930. From that time until December 1, 1930, its average monthly deposits with defendant were in excess of $15,000. It also had substantial accounts with

two other banks, the Fidelity National Bank & Trust Company, and the West Side Bank of Commerce, both of Kansas City, Mo. During 1930 it made purchases of goods aggregating $269,592.63, thereby increasing its merchandise holdings to $357,452.48. It made large payments to merchandise and other creditors. Its books showed operating losses between April 10, 1930, and December 1, 1930, of about $84,-000. On the latter date its book assets aggregated $118,500 and its book liabilities $126,950.73, a difference of little more than $8,000. This was disclosed by an audit made by a certified public accountant pursuant to an order of the referee in bankruptcy.

■ The petition alleges that by connivance with defendant the bankrupt reduced large quantities of its merchandise to cash at sacrifice prices in order to procure cash in sufficient quantity to pay the aforesaid note in full. It is true that some of the bankrupt's accounts payable were assigned as collateral security for loans made or credits extended, and that the checks of the bankrupt growing out of these transactions cleared through the defendant bank; but all such obligations were discharged during the month of October. It is also true that the bankrupt, November 1, 1930, borrowed an additional sum of $5,071.44 of defendant, as evidenced by a collateral note of that date, secured by assigned accounts. This note was paid in full by November 10, 1930. Apparently deposits and withdrawals, during the period under examination, presented no unusual picture to the bank. In October, 1930, the deposits aggregated $32,388.45, and large payments were made to general creditors. In November, 1930, $27,419.96 were deposited and a balance left at the end of the month of $10,816.28. In December, 1930, deposits of $8,026.17 increased this balance on December 1st to $15,761.38. The note of $15,000 was past-due and was paid on that date, together with interest in the sum of $82.50. On December 1, 1930, after banking hours, two involuntary petitions in bankruptcy were filed against the M. Morgan Manufacturing Company. December 4, 1930, a receiver was appointed and the adjudication followed on December 29, 1930. This action at law was filed November 12, 1931. A jury was waived in writing and the case was tried to the court. At the conclusion of plaintiff's case, counsel for defendant started to read from de-fendant's answer upon the apparent misconception that the case was in equity, and that the verified answer constituted proof. Objection by counsel for plaintiff was sustained, whereupon court stood at recess until the Wednesday following. Upon resumption of the hearing counsel for defendant asked leave to file a demurrer, which was granted. Counsel for plaintiff objected upon the ground that defendant had already gone into the merits of the defense, and that the demurrer came too late. Upon this objection the court ruled as follows: "I do not consider that there is any real validity in the objection to the motion to demur that it is too late or because the defendant had sought to introduce evidence. That would be an objection of purely a technical nature. No evidence was really received on the part of the defendant and no competent evidence was offered. If the demurrer should be sustained, of course the court would not go through the idle performance of spending a half day receiving testimony merely because defendant undertook to offer testimony but did not succeed in getting any testimony in. Motion for a directed verdict, call it a demurrer if you wish, may be filed."

With this ruling we agree. The court thereupon found that the bankrupt was insolvent at the time the payment to the bank was made; but that no prima facie showing had been made that, on the date of payment, the defendant bank knew or had reason to believe that the bankrupt was insolvent, and that a preference was intended. It therefore sustained defendant's motion for judgment. We consider the record amply sufficient to sustain these findings and this judgment; and we find it unnecessary to enter upon a more extended recital and analysis of the evidence.

■■ When an action at law is tried to a federal court without a jury, the findings of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury, and an appellate court will not reverse a judgment for error of fact, such as a finding contrary to the weight of the evidence. 28 U.S.C.A. § 773; Federal Intermediate Credit Bank v. L'Herisson (C.C.A.8) 33 F. (2d) 841. Such findings when based upon substantial evidence are conclusive, no matter how convincing the argument that upon the evidence the findings should have been different. Dooley v. Pease, 180 U.S.

126, 21 S.Ct. 329, 45 L.Ed. 457; Brooks v. Willcuts (C.C.A.8) 78 F.(2d) 270, 273.

In the case before us, however, we are in agreement with the conclusion of the trial court, and the judgment, accordingly, is affirmed.