**UNITED STATES v. TROCHE.**

No. 233, Docket 23025.

United States Court of Appeals,
Second Circuit.

Argued April 9, 1954.
Decided May 26, 1954.

Before CHASE, Chief Judge, and SWAN and FRANK, Circuit Judges.

James J. Hanrahan, John P. Sweeny, New York City, for appellant.

J. Edward Lumbard, U. S. Atty., New York City, Howard A. Heffron, Assistant U. S. Atty., Brooklyn, N. Y., of counsel, for appellee.

SWAN, Circuit Judge:

The appellant was brought to trial upon an indictment charging him in separate counts with having made two unlawful sales of marihuana cigarettes to Robert Challenger. The jury acquitted on count 1 but convicted on count 2. The appellant was sentenced to a mandatory term of five years and a fine of one dollar, which was remitted. Bail pending appeal was fixed by the trial judge but was not posted. The appellant is presently serving his sentence.

The appeal raises no question as to the conduct of the trial or the sufficiency of the evidence for submission to the jury of the issue of guilt. The error asserted is denial of a motion for a new trial on the ground of newly discovered evidence, namely, perjury committed by a witness for the prosecution.

At the trial Robert Challenger, a "special employee" of the Bureau of Narcotics, testified to having made the purchase at about 7 p. m. on October 8, 1952 in front of the building where the appellant resided. He was corroborated by two government agents who watched the transaction. They identified the appellant as the man with whom they saw Challenger talking and to whom he apparently handed over money with which they had supplied him. When he rejoined the agents he gave them a package of marihuana cigarettes. The appellant testified that he did not make the sale and that he had never seen Challenger until a few days before the trial. It is obvious from the jury's verdict that they did not believe this testimony but credited that of the witnesses for the government. Two days after the verdict and before the date set for sentence, Challenger made an affidavit which recanted his testimony at the trial, asserted that his transactions were with another man, and expressed his belief in the appellant's innocence. On the basis of this affidavit and others made by persons to whom Challenger had talked before making his affidavit, the appellant's attorney filed the motion for a new trial. Shortly thereafter the attorney attempt-

ed to withdraw the motion because a day after the motion had been placed on the calendar Challenger had come to his office and stated that he wanted his affidavit back and that he positively identified the appellant as the man with whom he had dealt. However, Judge Dimock, *sua sponte,* ordered a hearing. At the hearing the affiants, other than Challenger, gave testimony substantially repeating what their affidavits had stated. Challenger was not present; he had disappeared. He was finally located in California and his deposition was taken at the office of an Assistant United States Attorney. This deposition was presented to Judge Dimock at the hearing. It completely repudiated the appellant's recanting affidavit which he said was signed under duress because the Irizarrys, foster parents of the appellant, had threatened to harm him and members of his family unless he signed. Their story was that Challenger had told Mrs. Irizarry that he was in love with her, was jealous of the appellant and had testified against him in order to eliminate him as a rival for her affections.

Before sentencing the appellant Judge Dimock denied the motion for a new trial. In colloquy during argument on the motion, the Judge stated that he regarded "the witness Camacho" (the name which Challenger swore in his deposition was his real name) as "completely irresponsible"; that he had "no reason to believe that on one occasion more than another he was telling the truth"; and that under the law as he understood it he "must be reasonably well satisfied that the testimony given by the witness was false." Later he said: "Well, if I could make the law I would have the case retried, but since I am bound by this rule I cannot say that I am reasonably well satisfied that Challenger's testimony was false. * * * Your motion is denied."

▬ The appellant contends that the District Judge committed an abuse of discretion (1) in denying the motion for a new trial and (2) in failing to compel the attendance of Challenger for examination and cross-examination at the hearing. The latter claim is plainly an afterthought. No objection was raised to use of the deposition and no request made to bring Challenger back from California to testify at the hearing. A motion for a new trial may be decided on affidavits without the calling of witnesses. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; United States v. On Lee, 2 Cir., 201 F. 2d 722, certiorari denied 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364; Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633, 638, certiorari denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145. Since the movant made no request that Challenger be brought on to testify the claim that the court abused its discretion in failing to do so *sua sponte* seems frivolous.

▬ It is important for the orderly administration of criminal justice that findings on conflicting evidence by the trial court on a motion for a new trial based on newly discovered evidence should remain undisturbed except for most extraordinary circumstances. See United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562. Where the newly discovered evidence consists of recantation of testimony given at the trial, such recantation is "looked upon with the utmost suspicion," as this court pointed out in Harrison v. United States, 2 Cir., 7 F.2d 259, 262. The motion should be granted only when "the court is reasonably well satisfied that the testimony given by a material witness is false," and particularly is this true when the recantation has itself been repudiated. Larrison v. United States, 7 Cir., 24 F.2d 82, 87; Gordon v. United States, 6 Cir., 178 F.2d 896, 900. Judge Dimock applied this rule, although he expressed his personal disapproval of it. We do not share his disapproval. The record well justified application of the rule. It disclosed Challenger's reluctance to sign his recanting affidavit, his effort promptly to regain possession of it, and his repudiation of it in his deposition. The reasons he asserted for

having signed the recanting affidavit are at least as plausible as those asserted by the Irizarrys for his signing. There was no abuse of discretion in denying the motion and the order is affirmed.

FRANK, Circuit Judge (dissenting).

Defendant's motion for new trial, made two days after verdict and before sentence, comes within the provision of Rule 33, Fed.Rules Cr.Proc. 18 U.S.C. which says that the trial judge "may grant a new trial to a defendant if required in the interest of justice."

My colleagues, I think mistakenly, treat this as a case where a defendant asserts that the trial judge abused his discretion in denying a new trial and where, accordingly, we are asked to reverse his order and to direct him to grant such a trial. My colleagues overlook the fact that here the trial judge declined to exercise any discretion at all because he believed that he had no power to do so. We should, I think, reverse and remand with directions to the judge to exercise such discretion in whatever way he deems proper, just as we did in Harrison v. United States, 2 Cir., 7 F.2d 259, 262.

In each of the cases cited by my colleagues—other than Harrison v. United States, supra, which favors the defendant here, and Larrison v. United States, 7 Cir., 24 F.2d 82—the upper court has refused to reverse when the trial judge denied a motion for new trial for newly-discovered evidence. In such cases, the upper courts have said that they will not reverse for abuse of discretion unless it appears—from a finding by the trial judge or otherwise—that an important witness gave perjured testimony at the trial.[1]

But here the question is not whether we should hold erroneous the judge's exercise of discretion. The question here is this: Unlike United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562, and Gordon v. United States, 6 Cir., 178 F.2d 896, 900, in each of which the trial judge found that the witness whose testimony defendant assailed had testified truthfully at the trial, here the trial judge explicitly stated that he could not ascertain whether or not the witness had lied (1) at the trial or (2) when he recanted his testimony at the trial or (3) when he recanted that recantation. The judge, having said that, in his opinion, the witness was "completely irresponsible," went on to say that he wanted to grant a new trial but did not, solely because he was precluded from doing so by a "rule of law" which he regarded as forbidding him to use his discretion in such circumstances.[2]

There is no such "rule of law." A trial judge, before entry of judgment and if the motion is timely made, has a wide discretion to order a new trial (as distinguished from ordering a directed verdict or entering a judgment n. o. v.); he may do so if he has serious doubts about the credibility of a major witness; when he exercises his sound discretion to order a new trial, his order is reviewable (if at all) only for "abuse of discretion." See, e. g., Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498.

For cases holding that an appellate court must remand for the exercise of the trial judge's discretion, to grant or refuse a new trial, where he mistakenly refrained from exercising it, see, e. g., in addition to our own decision in Harrison v. United States, supra; General American Life Ins. Co. v. Central Nat.

---

1. See United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562; Gordon v. United States, 6 Cir., 178 F.2d 896, 900.

2. The judge said: "As you can see, I am very much disturbed by this case. I agree with you 100 percent that the witness Camacho is completely irresponsible, and I have no reason to believe that on one occasion more than another he was telling the truth. And yet I am faced with the rule of law on an application for a new trial in a recantation case. In order that there be a new trial the Judges say that the Court must be reasonably well satisfied that the testimony given by the witness was false. * * *" Later the judge said: "Well, if I could make the law I would have the case retried, but since I am bound by this rule I cannot say that I am reasonably well satisfied that Challenger's testimony was false."

Bank of Cleveland, 6 Cir., 136 F.2d 821, 823; Paine v. St. Paul Union Stockyards Co., 8 Cir., 35 F.2d 624, 627; Davies v. Home Trust Company, 8 Cir., 83 F.2d 124, 125.

Had the judge here granted a new trial, it could not possibly be said that he abused his discretion. For when, as here, a judge, after a trial, says he has the gravest doubts as to the credibility of an important witness—doubts here occasioned by newly discovered evidence which, if presented to a jury at a new trial might seriously shake their belief in that witness' testimony—then, under the authorities, I think it clear that, if the judge granted a new trial, he would not be acting beyond his powers. For he would surely be acting "in the interest of justice."

Consequently, I think that we should reverse and send the case back with directions to the trial judge to exercise his discretion, free of any supposed "rule of law" prohibiting him from doing so.

