**UNITED STATES of America,**
Appellee,

v.

**Leon RATLEY, Appellant.**

**No. 159, Docket 26525.**

United States Court of Appeals
Second Circuit.

Argued Nov. 2, 1960.

Decided Nov. 21, 1960.

Menahem Stim, New York City, for appellant.

554

S. Hazard Gillespie, Jr., U. S. Atty. for Southern District of New York, New York City, Grenville Garside and Gideon Cashman, Asst. U. S. Attys., New York City, of counsel, for United States.

Before SWAN, CLARK and MEDINA, Circuit Judges.

PER CURIAM.

█ Appellant was convicted on a four count indictment which charged him with transporting a girl in foreign commerce for the purpose of prostitution, 18 U.S.C.A. § 2421, and inducing her to go from New York to Canada for the purpose of practicing prostitution in Montreal, 18 U.S.C.A. § 2422. Shortly after defendant's convictions and before sentence, the girl, Phyllis Janifer, recanted her testimony at the trial, and defendant moved under Rule 33, F.R.Cr.P. 18 U.S. C.A. for a new trial. A hearing was had at which she and other witnesses were examined, and the trial judge wrote an opinion, denying the motion and giving rational grounds for disbelieving her recantation. Plainly there was no abuse of judicial discretion in denial of the motion. See United States v. Troche, 2 Cir., 213 F.2d 401, 403; United States v. On Lee, 2 Cir., 201 F.2d 722, certiorari denied 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364; Larrison v. United States, 7 Cir., 24 F.2d 82, 87.

█ Appellant's second point asserts that the evidence is insufficient to support the conviction. This also is devoid of merit. The testimony of Janifer and her friend Dorothy Goodman was clearly adequate evidence to sustain the conviction as to all the crucial issues including that of transportation, see Ege v. United States, 9 Cir., 242 F.2d 879, 880-81, and Janifer's testimony was corroborated, as to the forbidden purpose, by receipts for money wired to defendant from Montreal.

█ Appellant also asserts error in the admission of testimony by Janifer and Goodman that each of them had committed acts of prostitution for defendant's financial benefit prior to the dates of the transportations charged in the indictment. Evidence of other similar crimes is admissible to show intent to commit the crime charged; it is particularly pertinent in Mann Act cases. See United States v. Pape, 2 Cir., 144 F.2d 778, 781, certiorari denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602; United States v. Krulewitch, 2 Cir., 145 F.2d 76, 80, 156 A.L.R. 357 and cases there cited. The testimony was most relevant here in view of defendant's attempt to make Janifer's trips to Montreal appear innocent. With respect to Goodman's testimony the jury was instructed to consider it only on the intent or purpose of the defendant. We see no error in the admission of the challenged testimony.

Judgment and order are affirmed.