UNITED STATES of America,
Plaintiff,

v.

William MITCHELL, Defendant.

Crim. A. No. 322-57.

United States District Court
D. New Jersey.

Jan. 25, 1962.

David M. Satz, Jr., U. S. Atty., by John H. Yauch, Jr., Asst. U. S. Atty., Newark, N. J., for the Government.

George R. Sommer, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

. Defendant, William Mitchell, was convicted of the sale of narcotics and accordingly given a mandatory sentence of five years, which he is now serving. His conviction was undoubtedly based upon the testimony of two persons, one Harold Morgan, an informer, and one McDonnell, an agent of the Federal Bureau of Narcotics. They testified that in 1957 the defendant had made a sale of narcotics to them on a Newark street. Morgan was then employed as a special agent for the Narcotics Bureau and had introduced McDonnell to the defendant. Morgan further testified he was present with McDonnell when the alleged sale was made. The defense at trial urged that this was a case of mistaken identity and that the defendant was not present at the time of the aforementioned sale, the police, in fact, having a picture in their files of another local colored man named Mitchell. It was also claimed that the informer, Morgan, had confided to the defendant, in the presence of mutual acquaintances, that the defendant was in reality not the perpetrator of the offense. Despite this and other evidence, the jury apparently chose to believe the prosecution's witnesses, and hence the defendant was found guilty.

·The present application for a new trial is based on the grounds of newly discovered evidence. This evidence consists of the claim that Morgan, the informer, after the trial, admitted to two reputable attorneys of this Court, Richard M. Glassner, Esq. and Salvatore Brancato, Esq., that he had lied when he testified to the sale by Mitchell. During the trial the testimony of Morgan was attacked by the defense, as stated above, but not by the testimony of Messrs. Glassner and

Brancato, since the event precipitating such testimony did not occur until after Mitchell had been convicted. After the trial Morgan, through Glassner, asked to talk to the Court about the case. When he entered the Court's chambers, it appeared as though he wanted to discuss his own testimony, but the Court refused to hear him until the District Attorney had been called in. When Assistant United States Attorney Ritger arrived, Morgan refused to say anything, apparently fearing a perjury prosecution. The Court also advised Morgan to consult an attorney on his own behalf and, as a result, he left without telling the Court what was on his mind. Thereafter the motion for a new trial was made on behalf of the defendant, relying largely upon the alleged recantation by Morgan made before Messrs. Glassner and Brancato of his previous convicting trial testimony. Mr. Glassner had represented Mitchell on the application for a new trial. However, the Court appointed George R. Sommer, Esq., Mitchell's trial counsel, to represent him, since it was indicated that Glassner's own testimony might become material thereon. This was done with the consent of all concerned. Upon the hearing on the new trial motion the Court heard Glassner, Brancato, and Morgan in open court, subject to cross-examination. At this hearing Morgan reaffirmed the trial testimony as to Mitchell's guilt, while both Glassner and Brancato testified in circumstantial detail as to Morgan's recantation to them of his trial testimony.

Such being the facts, the issue is whether or not the Court should grant a new trial. F.R.Cr.P. rule 33, 18 U.S.C.A. governs, and so far as pertinent provides:

"The court may grant a new trial to a defendant if required in the interest of justice."

Thus, both generally and by the express wording of the rule, the duty of this Court is simply to do justice.

As to the granting of a new trial for newly discovered evidence, the courts unite at least on one rule, to wit, that same should be granted with real caution, *United States v. Troche*, 213 F.2d 401, 403 (2 Cir. 1954). On the other hand, while the courts have many times ruled on the granting of a new trial for newly discovered evidence, these rules ofttimes differ slightly.[1] However, in *United States v. Rutkin*, 208 F.2d 647 (3 Cir. 1954) the Third Circuit, in a lengthy opinion discussing many cases, both State and Federal, laid down the rule as follows:

"'There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.' Johnson v. United States, 8 Cir., 1929, 32 F.2d 127, 130. This is an accurate statement of the applicable law. See also Evans v. United States, 10 Cir., 1941, 122 F.2d 461, 469; United States v. Hiss, D.C.S.D.N.Y.1952, 107 F. Supp. 128, 136." 208 F.2d p. 649.

It should be noted, however, that Rutkin did not involve a recantation and that it found that the testimony sought to be called to the attention of the trial court on the new trial application was not newly discovered, but was "merely cumu-

---

1. Cf. Larrison v. United States, 24 F. 2d 82, 87 (7 Cir. 1928) and United States v. Johnson, 142 F.2d 588 (7 Cir. 1944), the Larrison rule, according to Johnson, p. 591, being held particularly applicable to cases of recantation.

lative and impeaching, and was not of such a character as would probably lead to acquittal at a new trial." 208 F.2d p. 654.

■ Here, on the other hand, this Court, at the close of the trial and before Morgan's recantation, would not have been surprised had the verdict been one of acquittal. This is because Morgan himself had discounted McDonnell's identification of Mitchell, and not only was defendant's testimony contrary to Morgan's, but defendant's testimony was corroborated by the existence in the police files of a picture of another local colored man named Mitchell. Thus, after Morgan had recanted subsequent to the trial, and his testimony had been shown to be completely unreliable as to defendant's identity, it would seem most unlikely that the jury would find no reasonable doubt as to Mitchell's guilt. Consequently, the rule actually laid down in Rutkin does not militate against the granting of a new trial to Mitchell, which this Court feels is due "in the interest of justice."

■ Further, in view of the requirement of the Sixth Amendment to the United States Constitution guaranteeing every man the right to trial by jury for crime, it is not the function of a trial judge to decide finally what the verdict should be, but simply to determine whether the newly discovered evidence should be submitted to a new jury. So, if the trial judge feels that the newly discovered evidence might well result in a different verdict and otherwise meets with the above conditions, it is his duty "in the interest of justice" to grant a new trial, to permit the jury to find that true verdict.

The facts herein stated and the conclusions of law herein expressed shall be considered the findings of fact and the conclusions of law required by F.R.Civ.P. rule 52, 28 U.S.C.A.

An order may be entered accordingly.