**Damon MILLER, Petitioner,**

v.

**Theodore REID, Respondent.**

**No. 85 Civ. 1833.**

United States District Court,
S.D. New York.

Oct. 18, 1985.

Robert W. Stieve, Chief, Appeals Bureau, Crim. Div., The Legal Aid Society of Westchester County, White Plains, N.Y., for petitioner.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondent; Douglas J. Martino, Asst. Dist. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Upon a study of the Magistrate's findings and recommendation and the Court's independent de novo review of the entire record, the petitioner's application for a writ of habeas corpus to release him on bail pending determination of his appeal by the Appellate Division of the Supreme Court of the State of New York is denied.

Petitioner was convicted of two separate sales, cocaine and heroin, and sentenced to concurrent terms of imprisonment of 4½ to 9 years. His application to a Justice of the Appellate Division for bail pending appeal was denied without opinion, as was his motion to reargue the denial. He then filed the instant petition upon a claim that the State's denial of bail pending appeal violated his rights to due process, equal protection of the laws and reasonable bail under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

While there is a substantial question that petitioner has properly presented to and exhausted available remedies in the state courts the same federal constitutional claims advanced here,[1] the basic issue is whether there was a rational basis supporting the State's denial of bail pending appeal. Under New York law, bail may be denied in the exercise of discretion by an Appellate Division Justice where, based upon enumerated factors, (1) there is a likelihood a defendant will not appear for required court appearances, or (2) regard-

---

1. *See Beatty v. Snow,* 588 F.Supp. 809, 811 & n. 10 (S.D.N.Y.1984) (citing applicable cases); *see* *also Finetti v. Harris,* 609 F.2d 594 (2d Cir.1979).

less of the foregoing, a determination is made that "the appeal is palpably without merit." [2]

■ Where, as in this instance, the denial of bail was unaccompanied by a statement of reasons explaining the decision, the state court's judgment is entitled to a presumption of regularity which may be overcome, the defendant having the burden of showing there is no rational basis in the record for the denial of bail.[3] Upon a close review of the record it appears that there was a rational basis for the denial of bail on either or both grounds set forth in the State statute referred to above.

■ At the trial petitioner was identified by Police Officer Lewis Velez, who acted as an undercover agent, as the person who on two separate occasions sold him the narcotics; in each instance, during the course of the transaction, the agent had petitioner under eye to eye observation for at least ten minutes. Velez had been introduced previously to petitioner by an informer, Franklin Castillo, who was not a witness at the trial. Three days prior to the trial a Wade hearing had been conducted and the identity of the informer and his last known address were disclosed to defense counsel. The prosecution then noted that it did not have control of the informant, who no longer functioned in that capacity and did not know of his then whereabouts.

Upon the trial, following jury selection, defense counsel informed the Court that Castillo had been incarcerated at Rikers Island on a criminal charge, but no longer was there, whereupon the prosecution volunteered to locate him on an agreed condition that if he was located and testified for the defense, the People would be permitted to reopen its case. In the attempt to locate Castillo, the prosecution obtained an order for his production from Rikers Island; however it appeared that he had been transferred to the custody of the federal authorities at the Federal Metropolitan Correctional Center, New York City, for violation of his federal probation under a conviction of armed robbery.

The defendant, seeking to compel the People to produce Castillo, moved for a continuance of the trial, which was about to go to the jury. The motion was denied by the trial judge upon the ground that Castillo was equally available to the defendant; that delay at that stage of the trial was not justified; and that defendant had failed to show that Castillo possessed relevant and material evidence. Following his conviction by the jury upon both counts, he was sentenced as noted above as a second felony offender, since one of his prior convictions was for the sale of a controlled substance.

Upon a claim that the testimony of Castillo was "newly discovered evidence," a post trial hearing was conducted on petitioner's motion to set aside the judgment of conviction and for a new trial. Petitioner's principal attack upon his judgment of conviction was that the undercover agent had misidentified him, and to support this claim he relied upon the testimony of Castillo. Despite Officer Velez's positive identification of defendant at the trial as the seller of the narcotics on two separate occasions, Castillo testified that Velez had mistakenly identified defendant on one sale for a person named "Slim." Castillo had no recollection of the second sale. Out of an abundance of caution, and in the interest of justice, the trial judge adjourned the matter to afford the defense to produce any evidence or witnesses as to the existence of another individual called "Slim." Although the defense had a picture of this alleged individual, the defense produced no further evidence. Thereafter the Court, in an extensive review of the evidence, denied the motion for a new trial. The trial judge not only accepted the positive identification of defendant by the undercover officer as reliable and dependable in view of his experience and training, and the face to face transaction with petitioner, but found the

2. N.Y.Crim.Proc.Law § 510.30(2)(a) and (b).

3. *Finetti v. Harris,* 609 F.2d 594, 601 (2d Cir. 1979).

testimony of Castillo, who had an extensive criminal record, unreliable; that Castillo was motivated to fabricate to avenge an alleged failure of the authorities adequately to protect him from retaliation and harassment by targets of investigations, as well as their failure to come to his aid in subsequent arrests on various criminal charges.[4] The trial judge in a reasoned opinion based upon the hearing evidence or the lack thereof, explicated other factors which fully sustained the trial identification of petitioner. In sum, these factors and the trial record justify a rational finding that petitioner's appeal is lacking in merit.

■ So, too, the defendant's prior record, which included a predicate felony narcotics charge, after taking into account the factors specified in § 510.30, subdivision (2)(a) permits a rational conclusion that petitioner's appearance in court when required is questionable.

The petition for a writ of habeas corpus to admit to bail is denied.

So ordered.

---

4. The fact determination of the trial judge as to credibility of Castillo and his motives reflects the view that may be properly applied to the recantation by a witness of his trial testimony. *Cf. United States ex rel. Sostre v. Festa,* 513 F.2d 1313, 1318 (2d Cir.), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975); *United States v. Curry,* 358 F.2d 904, 918 (2d Cir. 1965), *cert.* *denied,* 385 U.S. 873, 87 S.Ct. 147, 17 L.Ed.2d 100 (1966); *United States v. Ratley,* 284 F.2d 553, 554 (2d Cir.1960). Here the trial judge had the opportunity to observe the demeanor of Castillo on the witness stand, a factor of major significance. *See United States ex rel. Sostre v. Festa,* 513 F.2d at 1317.